UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                  Criminal Case No. 91-80936-14
                                                   Honorable Patrick J. Duggan

OTIS WINGO,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY
TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 9, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

In 1993, a jury convicted Defendant Otis Wingo of conspiring to possess with intent to distribute and distribution of heroin and cocaine in violation of 21 U.S.C. § 846, and unlawfully using a telephone in violation of 21 U.S.C. § 843(b). On March 9, 1993, this Court sentenced Defendant to 235 months of imprisonment for the § 846 conviction and a concurrent term of 96 months for the § 843(b) conviction. The Sixth Circuit Court of Appeals affirmed Defendant's conviction and sentence on appeal. *United States v. Lang*, 1994 WL 629393 (6th Cir. Nov. 8, 1994), *cert. denied*, 515 U.S. 1122 (1995). Defendant thereafter filed a motion pursuant to 28 U.S.C. § 2255, which this Court granted in part and denied in part on November 25, 1997. The result of the Court's

decision was a reduction of Defendant's sentence with respect to his § 843(b) conviction from 96 months to 48 months. The Sixth Circuit affirmed the Court's decision on December 29, 1998. Presently before the Court is Defendant's motion to modify the term of his imprisonment pursuant to 18 U.S.C. § 3582(c)(2), filed *pro se* on March 14, 2008.

In his pending motion, Defendant seeks a reduction of his sentence based on the recent amendment to the United States Sentencing Guidelines relating to crack cocaine. Defendant also asks the Court to re-sentence him in accordance with *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), as his original sentence was imposed under the then-mandatory sentencing guidelines. On April 4, 2008, the Court appointed counsel to represent Defendant. On October 23, 2008, counsel for Defendant filed a "Notice and Request for Ruling on Defendant's Petition," in which counsel indicates that Defendant's role in the case involved powder cocaine and heroin, not crack cocaine. Counsel asks the Court to otherwise consider the arguments for a sentence reduction set forth in Defendant's *pro se* motion.

For the reasons set forth by Defendant's counsel, the Court concludes that Defendant is not entitled to a reduction in his sentence based on the amendment to the Sentencing Guidelines. With respect to Defendant's argument that he must be re-sentenced in light of *Booker*, the Court notes that 18 U.S.C. § 3582 does not authorize the court to modify a defendant's sentence based on the holding in *Booker*. *See* 18 U.S.C. § 3582(c). In any event, *Booker* does not entitle Defendant to the relief he seeks as the Supreme Court's decision does not apply retroactively to cases on collateral review.

*Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 546 U.S. 885, 126 S. Ct. 199 (2005).

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Nicole M. Quandt, Esq.
AUSA Daniel Hurley

Otis Wingo, No. 15457-039
FCI Morgantown
Greenbag Road
PO Box 1000
Morgantown, West Virginia 26507